IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) CRIMINAL NO. 04-2029 JC
)
JAMES C. JOE III, )
)
Defendant. )
)

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, JAMES C. JOE, III, and the defendant's counsel, THOMAS B. JAMESON, Esq.

### REPRESENTATION BY COUNSEL

1. The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands his rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b to have a trial by jury; and

   c at a trial:



1) to confront and cross-examine adverse witnesses,

2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3  The Defendant hereby agrees to waive these rights and to enter a plea of guilty pursuant to Rule 11(a)(1) of Fed. R. Crim. P. The Defendant's guilty plea is to Count 1 of the Indictment in Cr. No. 04-2029 JC, charging a violation of 21 U.S.C. §§ 846, that being conspiracy to distribute less than 50 grams of a mixture and substance containing a detectable amount of methamphetamine.

## SENTENCING

4.  The defendant understands that the maximum penalty the Court can impose as to Count 1 is:

   a.  imprisonment for a period of up to twenty (20) years;

   b  a fine not to exceed $1,000,000;

   c.  a mandatory term of supervised release of not less than three (3) years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

   d.  a mandatory special penalty assessment of $100.00.

5. The Defendant understands and agrees that sentencing will be pursuant to the Sentencing Reform Act of 1984, making the sentencing guidelines applicable. The Defendant agrees to have his sentence determined pursuant to the sentencing guidelines and waives any right he may have under *Blakely v. Washington,* 124 S. Ct. 2531 (June 24, 2004), to have the facts that determine the Defendant's offense level and criminal history category under the guidelines (including any facts that support any specific offense characteristic, cross reference, upward adjustment, or upward departure) alleged in an indictment and found by a jury beyond a reasonable doubt. The Defendant understands and agrees that the Court, not a jury, will find the facts that determine the Defendant's offense level and criminal history category by a preponderance of the evidence, and that the Court may consider any reliable evidence, including hearsay, in making its factual findings and determining the applicable sentencing guideline range. The Defendant further agrees to waive any constitutional challenges he may have to the validity of the sentencing guidelines. The Defendant has reviewed the application of the guidelines with his attorney but understands that no one can predict with certainty what guideline range will be applicable in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation. The Defendant will not be allowed to withdraw his guilty plea if the applicable guideline range is higher than the Defendant expected or if the Court departs from the applicable guideline range. **The defendant fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court.**

6. The United States reserves the right to make known to the United States Probation Office, for inclusion in the presentence report to be prepared under Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

**FACTUAL BASIS**

7. If this matter were to proceed to trial, the United States would prove the following facts with competent, admissible evidence beyond a reasonable doubt:

a. On or about from May 8, 2003 through June 13, 2003, in San Juan County, New Mexico, and elsewhere, the Defendant, James C. Joe III, unlawfully, knowingly, and intentionally conspired with co-Defendant, Wilbert Nez, and with other persons to distribute less than 50 grams of a mixture and substance containing a detectable amount of methamphetamine.

b. In furtherance of the conspiracy, on or about May 8, 2003, in San Juan County, New Mexico, the Defendant, James C. Joe III, unlawfully, knowingly, and intentionally distributed approximately .78 grams of a mixture and substance of methamphetamine to another individual.

c. In furtherance of the conspiracy, on or about May 22, 2003, in San Juan County, New Mexico, the Defendant, James C. Joe III, unlawfully, knowingly, and intentionally distributed approximately 19.7 grams of a mixture and substance of methamphetamine to another individual.

d. In furtherance of the conspiracy, on or about June 13, 2003, in San Juan County, New Mexico, the Defendant, James C. Joe III, unlawfully, knowingly, and

intentionally distributed a counterfeit substance purporting to be methamphetamine to another individual.

e. In furtherance of the conspiracy, on or about from May 8, 2003 through June 13, 2003, in San Juan County, New Mexico, and elsewhere, Defendant, James C. Joe III, received the methamphetamine and the counterfeit methamphetamine that he distributed from co-Defendant, Wilbert Nez.

8. By signing this agreement, the Defendant admits all the foregoing facts. The Defendant understands and agrees that the Court may rely on any of these facts to determine the Defendant's offense level under the guidelines (including any facts that support any specific offense characteristic, cross reference, upward adjustment, or upward departure).

## STIPULATIONS

9. The United States and the defendant stipulate as follows:

a. Pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1, the applicable base offense level for calculation of the Defendant's sentence is Level 18, based on the conspiracy between Defendant Nez and co-Defendant Joe to distribute between 1 and 2 grams of methamphetamine (actual).

b. Pursuant to U.S.S.G. § 3E1.1, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Consequently, the defendant is entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written

5

statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes his entitlement to this reduction.

    c.    Provided the defendant meets the requirements of U.S.S.G. § 3E1.1(b), the government agrees to move at the time of sentencing for a reduction of one (1) additional level from the base level as calculated under the sentencing guidelines.

    d.    Pursuant to U.S.S.G. § 5C1.2, the Defendant may be eligible for the safety valve provisions set forth at 18 U.S.C. § 3553(f). If the Defendant's eligibility is established, the Defendant would be entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction depends on the Defendant truthfully providing to the government, before sentencing, all information and evidence concerning the offenses that were part of the same course of conduct underlying this agreement. Additionally, this reduction depends on the Defendant having not more than one criminal history point as determined under the sentencing guidelines.

    e.    The defendant recognizes and understands that this plea agreement with the United States is expressly contingent on the defendant's co-defendant, Wilbert Nez, also entering a plea of guilty in conformity with his plea agreement with the United States. The United States reserves the right, in its sole discretion, to revoke the plea agreements pertaining to the defendant and co-defendant, should the defendant and co-defendant fail to enter guilty pleas in accordance with their individual agreements with the United States, or attempt to withdraw those guilty pleas.

f. The United States will recommend a sentence at the low end of the applicable guideline range of the United States Sentencing Guidelines.

10. The United States and the Defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. The Defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the Defendant has no right to withdraw the plea of guilty.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

11. The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

12. The Defendant is aware that federal law affords a Defendant the right to appeal the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute(s) of conviction as determined by the Court after resolution of any party's objections to the presentence report to be prepared in this case. The Defendant specifically agrees not to appeal the determination of the Court in resolving any contested sentencing factor. In other words, the Defendant waives the right to appeal the sentence imposed in this

case except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range as determined by the Court.

## GOVERNMENT'S AGREEMENT

13. Provided that the defendant fulfills his obligations as set out above, the United States agrees that:

   a. The United States will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

   b. The United States will move to dismiss Counts 2 through 4 of Cr 04-2029 JC at the time of sentencing.

14. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

16. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

_____
JAMES C. JOE III
Defendant

_____
THOMAS B. JAMESON
Attorney for Defendant