IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO.04-2029 JC |
| JAMES C. JOE III, | ) ) ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE
TO DEFENDANT'S MOTION FOR A REASONABLE SENTENCE
FILED ON MARCH 14, 2005**

The United States of America by and through its counsel, DAVID C. IGLESIAS, United States Attorney and NELSON SPEAR, Assistant United States Attorney for the District of New Mexico, files this response to Defendant James C. Joe III's motion for a reasonable sentence filed on March 14, 2005.

**SUMMARY OF FACTS:**

1. On or about from May 8, 2003 through June 13, 2003, in San Juan County, New Mexico, and elsewhere, Defendant James C. Joe III (Defendant), unlawfully, knowingly, and intentionally conspired with co-Defendant, Wilbert Nez, and with other persons to distribute less than 50 grams of a mixture and substance containing a detectable amount of methamphetamine. *See* Doc. 12, Doc. 26 and Doc. 31, at ¶ 7 a. In furtherance of the conspiracy, on or about May 8, 2003, in San Juan County, New Mexico, Defendant unlawfully, knowingly, and intentionally distributed approximately .78 grams of a mixture and substance of methamphetamine to another individual. *See* Doc. 31, at ¶ 7b. In furtherance of the conspiracy, on or about May 22, 2003, in San Juan County, New Mexico, Defendant unlawfully, knowingly, and intentionally

distributed approximately 19.7 grams of a mixture and substance of methamphetamine to another individual. *Id.* at ¶ 7c. In furtherance of the conspiracy, on or about June 13, 2003, in San Juan County, New Mexico, Defendant unlawfully, knowingly, and intentionally distributed a counterfeit substance purporting to be methamphetamine to another individual. *Id.* at ¶ 7d. In furtherance of the conspiracy, on or about from May 8, 2003 through June 13, 2003, in San Juan County, New Mexico, and elsewhere, Defendant received the methamphetamine and the counterfeit methamphetamine that he distributed from co-Defendant, Wilbert Nez. *Id.* at ¶ 7e.

2. On November 24, 2004, Defendant pled to count 1 of the indictment filed against him alleging that he had conspired to distribute less than 50 grams of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). *See* Doc. 12, Doc. 26 and Doc. 31. The plea agreement allows the United States to ask for any sentence within the U.S.S.G. range. *See* Doc. 31.

3. On January 28, 2005, the U.S.P.O. issued a PSR. The PSR recommended that the Court issue a finding that Defendant's final offense level is 15 and Criminal History Category is II. See PSR, at ¶¶ 48 and 56. A final offense level of 15 with a Criminal History Category of II sets a guideline range of 21-27 months. U.S.S.G. § 5A.

4. On March 14, 2004, Defendant filed a motion for a reasonable sentence. *See* Doc. 42. Within his motion, Defendant urged the Court to impose a sentence below the United States Sentencing Guideline range. Although not cited, the United States presumes that Defendant's motion is premised upon the January 12, 2005 United States Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738 (2005).

**LAW:**

**Under the recent United States Supreme Court decision of *United States v. Booker,* a Guideline sentence for this case is reasonable.**

While the recent *Booker* decision makes the Guidelines advisory, *Booker* makes it clear that the sentencing court is required to consider the Guidelines "sentencing range established for ... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. *Booker,* at 744. (quoting 18 U.S.C. 3553(a)(4)). A Guideline sentence is presumptively reasonable and appropriate in light of the factors of 18 U.S.C. § 3553(a). *Wanning*, 2005 WL 273158.

The United States is asking for a sentence of 27 months. This sentence is based upon the high end of a Guideline sentence where there is a Final Offense Level of 12 and Criminal History Category of II. A review of 18 U.S.C. § 3553(a) shows that a 27-month sentence would be reasonable in this case.

**The nature of the offense and the history and characteristics of Defendant indicate that a Guideline sentence is reasonable. 18 U.S.C. § 3553(a)(1).**

Defendant is facing his first adult felony conviction, but he has numerous juvenile delinquent offenses. *See* PSR, ¶¶ 49-53. Defendant's juvenile records indicate that he has on numerous occassions assaulted people with dangerous weapons. *Id.* Thus, the most prevalent factor in Defendant's life is that he is a violent person who will eventually kill someone unless he is incarcerated. The chances of Defendant committing a new violent crime are high; therefore, the United States respectfully requests that the Court impose a sentence at the high end of the guideline range. Notably, if Defendant had committed the prior juvenile delinquent crimes as an adult, he

would be facing a career offender status under the Guidelines. *See* U.S.S.G. §4B1.1.

    a. There is demonstrable need for a 27-month sentence to be imposed. 18 U.S.C. § 3553(a)(2).

A 27-month sentence is also proper because it 1). reflects the seriousness of the offense charged; 2). promotes respect for the law; 3). provides just punishment for Defendant; 4). affords adequate deterrence to future crimes that might be committed by Defendant; 5).protects the public from Defendant; and, 6). avoids unwarranted sentence disparities among similarly situated defendants. *See* 18 U.S.C. §3553(a)(2); *United States v. Wilson*, 2005 WL 78552 (D.Utah January 13, 2005), at *1. On a scale of supervised release to twenty years (240 months), a sentence of 27 months is reasonable. *See* 8 U.S.C. § 1326(b)(2). As mentioned above, Defendant has had a several juvenile delinquent adjudications. A 27-month sentence will deter Defendant from selling drugs. The 27-month sentence will also protect the public from Defendant. Defendant claims that he was crime free for four years and eleven months. *Defendant's March 14 Motion*, at 2. There is no credible proof that Defendant was crime free. In reality, Defendant simply avoided arrest for that time period.

    b. Supervised probation is not an appropriate sentence for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant has seven offenses in his criminal history. PSR, ¶¶ 49-55. Three of the offenses involved weapons. *Id.* One of the offenses was for a an aggravated burglary resulted in a federal conviction for which Defendant received one year in imprisonment. *Id.* at ¶ 53. Based upon Defendant's inability to benefit from the opportunities from supervised release, incarceration is the only sentence that is appropriate for this offense. There are no other alternative sentences that have been identified.

c. A Guideline sentence will avoid potential sentencing disparities 18 U.S.C. § 3553(a)(6).

As other districts, New Mexico has a large caseload of drug prosecutions.  If New Mexico has a predictable incarceration period for this class of offenders, it would deter other violations of this law.  Also, by following the Guidelines, the Court would avoid unwarranted sentencing disparities among similarly situated defendants.  *See* 18 U.S.C. § 3553(a)(6).

WHEREFORE, the United States respectfully requests that the Court enter a finding that the Guidelines are a reasonable reference when interpreting 18 U.S.C. § 3553(a).  Specifically, the United States requests that the Court find that the sentence the Guidelines contemplate in this case is reasonable in that it: 1). is reflective of the nature and circumstance of the offense and the history and characteristics of the defendant; 2).  properly reflects the seriousness of the offense, promotes respect for the law, provides a just punishment for the crime committed, affords adequate deterrence for future crimes, and protects the public; 3). is proper when considering other sentences that are available; and, 4). avoids sentencing disparity among other defendants who are similarly situated.  The United States also respectfully requests that the Court deny Defendant's motion to depart from the Guidelines and impose a sentence of 27 months which is consistent with a sentence at the high end of the Guideline range where the Total Offense Level is 15 and the Criminal History is II.

        Respectfully submitted,

        DAVID C. IGLESIAS
        United States Attorney

        *Electronically Filed March 15, 2005*

        NELSON SPEAR
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7224

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to Thomas Jameson, defense counsel of record on this 15th day of March, 2005.

*Electronically Filed March 15, 2005*

_____
NELSON SPEAR
Assistant U.S. Attorney

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to Luis Rodriguez, U.S.P.O. on this 15th day of March, 2005.

*Electronically Filed March 15, 2005*

_____
NELSON SPEAR
Assistant U.S. Attorney